## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TYRONE M. SAJNA (#802699)**            **CIVIL ACTION NO.**

**VERSUS**            **21-684-SDD-EWD**

**DISTRICT ATTORNEY'S OFFICE, ET AL.**

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on February 27, 2023.

                                                **ERIN WILDER-DOOMES**
                                                **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TYRONE M. SAJNA (#802699)**                    **CIVIL ACTION NO.**

**VERSUS**                                                **21-684-SDD-EWD**

**DISTRICT ATTORNEY'S OFFICE, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint of Plaintiff Tyrone M. Sajna ("Sajna").[1] It is recommended that the Court decline to exercise supplemental jurisdiction over potential state law claims and that Sajna's federal claims be dismissed as legally frivolous and for failure to state a claim.

**I.    BACKGROUND**

Sajna filed this suit under 42 U.S.C. § 1983. It appears Sajna is alleging a large-scale conspiracy meant to incarcerate Sajna, so he can be killed by authorities.[2] Sajna says that he is "awaiting trial on a slew of rape charges in the courtroom of the honorable judge Ms. Tonya Lurray of the 18th Judicial District Court."[3] His case names as defendants Tony Clayton ("Clayton"), an Assistant District Attorney in the 18th JDC; Shannon Battiste ("Battiste"), a public defender who appears to have been appointed to represent Sajna at some point related to his state criminal charges; Steven Jude ("Jude"), assistant warden at West Baton Rouge Parish Prison; Buck Legune ("Legune"), corrections officers at West Baton Rouge Parish Prison; and the Addis Police Department (collectively "Defendants"). Sajna seeks injunctive and monetary relief.[4]

---

[1] R. Doc. 1.
[2] R. Doc. 3, pp. 4-6.
[3] R. Doc. 1, p. 1.
[4] R. Doc. 3, p. 7.

## II.   LAW & ANALYSIS

### A. Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[5] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[6] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] For a complaint to survive dismissal, it "must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim."[10]

---

[5] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Sajna was granted IFP on April 27, 2022, so both statutes apply. R. Doc. 5.
[6] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[7] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[9] *Id.*
[10] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), (citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009)).

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[11] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[12] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[13] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[14]

### B. Sajna Fails to State a Claim

Sajna's Complaint, though difficult to understand, appears to allege that Defendants, along with other individuals, conspired to incarcerate Sajna for the purpose of having him killed inside the prison as a favor to Sajna's ex-wife's father, Roland Christophe, who is, allegedly, a friend of Clayton's.[15] Sajna alleges that Clayton has conspired with other inmates to discredit Sajna's reputation within the jail, the purpose of which appears to also be related to having Sajna killed.[16]

"Conclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983."[17] And while "well-pleaded facts [must be accepted] as true and view[ed] in the light most favorable to the plaintiff, a complaint 'that offers labels and conclusions' or 'naked assertion[s] devoid of further factual enhancement' is not plausible for purposes of Rule 12(b)(6)."[18] Nor must this Court accept as true "unwarranted factual inferences."[19] As the Fifth Circuit explained, in order for Plaintiff "to

---

[11] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[12] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[13] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[14] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[15] R. Doc. 3, pp. 4-6.
[16] R. Doc. 3, p. 5.
[17] *Montgomery v. Walton*, 759 Fed.Appx. 312, 314 (5th Cir. 2019).
[18] *Id.* at 314, citing *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) quoting *Iqbal*, 556 U.S. at 678.
[19] *Howard v. Dixie Dunavant Ins. Agency*, 227 Fed. Appx. 363, 365 (5th Cir. 2007), quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

establish [his] conspiracy claim, [he] must plead specific, nonconclusory facts that establish that there was an agreement among the defendants to violate his federal civil rights."[20]

The allegations in Sajna's amended complaint are disorganized, and the facts are very loosely tied together. Making every attempt to string these thoughts into a coherent series of events, it appears Sajna believes that some individuals not named as Defendants planned to "make Sajna a target" by signing him into "the mental health department."[21] These individuals then feared retaliation, so "they put their scheme in the hands of the (District Attorney's Office) headed by the family's personal friend (DA) Tony Clayton."[22] This appears to have led to the start of the scheme, which involved making public an interrogation of Sanja by the Addis Police Department, so Sajna's family and friends would see "what was being done to me on Facebook…so no one would support me, care for me, or look for me in the system."[23] He apparently believes this was the beginning of the plan to kill him in prison because Sajna goes on to state that "[t]hen they could have their way with my life."[24] Sajna was eventually arrested and incarcerated, apparently, as part of the plan, and while in jail, Clayton has had officers "discredit" Sajna's name by bringing a falsified grand jury letter to the jail and by showing other inmates the charges.[25] As what appears to be the final part of the plot, Sajna alleges that other inmates have been provided with "tools to do bodily harm to [him]."[26]

Sajna has not alleged any specific facts from which this Court may infer the existence of any agreement to violate his civil rights between any of the Defendants or other individuals discussed in the Complaint. Rather, he has only provided the conclusory assertion that Clayton

---

[20] *Montgomery*, 759 Fed.Appx. at 314.
[21] R. Doc. 3, p. 6.
[22] R. Doc. 3, p. 6.
[23] R. Doc. 3, pp. 4 & 6.
[24] R. Doc. 3, p. 6.
[25] R. Doc. 3, p. 5.
[26] R. Doc. 3, p. 5.

4

spearheaded the entire plot for the family of Sajna's ex-wife because Clayton is a family friend. An allegation of friendship is insufficient to demonstrate a conspiracy.[27] Additionally, the Court cannot ascertain how Battiste or Jude furthered the scheme, and, though it appears Legune delivered the allegedly false grand jury letter to Sajna, Sajna has failed to provide any facts that indicate Legune had an agreement with any other Defendant to violate Sajna's civil rights. To the contrary, Sajna seems to presume from various facts he alleges that Defendants are 'out to get him.'[28] Sajna's claims regarding a conspiracy to deprive him of his civil rights are conclusory and subject to dismissal.[29]

Though ordinarily a pro se plaintiff should be afforded an opportunity to amend his or her complaint prior to dismissal, leave to amend is not necessary if amendment would be futile.[30] In addition to the failure to allege specific facts to support a conspiracy claim, Sajna's allegations of a far-reaching conspiracy involving the DA's office, his public defenders, family members, and employees of the jail by which these individuals have attempted to arrange his murder while in

---

[27] *See Lewis v. Locicero*, No. 15-129, 2016 WL 831939, *4 (M.D. La. Feb. 29, 2016) ("It is well settled that allegations of a conspiracy between private and state actors requires more than conclusory statements, but requires further factual enhancement to render the claim plausible. Plaintiff's conspiracy allegation is only supported by the allegation that Lockhart and Sheriff Ard are longtime friends, which is insufficient.") (internal quotation marks and citations omitted).
[28] Sajna appears suspicious of the unexpected death of his emergency contact, Tonja Gaston; says that the alleged victim of the rapes for which he has been charged admitted to not being raped on Facebook Live; claims family members were selected in the jury; states that his ex wife's father, and friend of Clayton, has the "finances to have people killed." In his most recent filing which attempts to provide "new information," Sajna also raises suspicion about the prison drawing his blood twice "'without' a doctor's approval;" alleges that he is being "attacked" by two different district attorney's offices and that his estranged daughter's husband is the relative of an employee of the East Baton Rouge Parish District Attorney's Office; and that his estranged daughter's husband is one of a handful of individuals who "utilize their law enforcement connections to sell drugs and have people killed." R. Doc. 9, pp. 9-10.
[29] To the extent he seeks injunctive relief in the form of relief from child support obligations, dismissal of charges (records expunged) and a prison ministry license, this Court cannot grant the relief requested regarding the child support obligations or the prison ministry license and Plaintiff does not appear to have named the proper defendants to obtain that relief. Additionally, a civil rights suit under 42 U.S.C. § 1983 is not the proper procedure to obtain release from prison. *See Winzer v. 26th Judicial District Court*, No. 20-1204, 2021 WL 4048475 (W.D. La. July 19, 2021) ("Release from custody and dismissal of charges are not available through a civil rights action.") (citations omitted); *Truehill v. Lafourche Parish*, No. 21-1842, 2022 WL 2921228, at *9 (E.D. La. June 22, 2022) (habeas, not § 1983, is only proper method to seek release).
[30] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (though ordinarily a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile).

5

prison are factually frivolous, *i.e.*, they do not appear to be grounded in reality. Additionally, Plaintiff has already amended his original Complaint once.

### C. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Sajna seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[31] Having recommended that Sajna's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over potential state law claims, that Tyrone M. Sajna's federal claims be **DISMISSED WITH PREJUDICE** for failure to state a claim and as legally frivolous pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and that this case be **CLOSED**.[32]

Signed in Baton Rouge, Louisiana, on February 27, 2023.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[31] 28 U.S.C. § 1367.
[32] Sajna is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should the recommendation for dismissal be adopted, the dismissal will count as a strike.